T.C. Memo. 1996-104


UNITED STATES TAX COURT


SUSAN J. BOKHARI O'NEIL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3952-94.               Filed March 6, 1996.


Susan J. Bokhari O'Neil, pro se.

Elaine L. Sierra, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge John F. Dean pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $10,610 and an accuracy-related penalty under section 6662(a) in the amount of $2,122.[2]

After concessions,[3] the issues for decision are:  (1) Whether petitioner has substantiated various itemized deductions claimed on Schedule A of her 1991 Federal income tax return; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations.

---

[2]Petitioner originally elected to have her case heard as a small tax case under Rule 172 and sec. 7463.  However, in reviewing the record, we have determined that the sum of the deficiency disputed by petitioner and the penalty stipulated as an issue in this case ($2,122) is in excess of the $10,000 statutory limit for small tax cases.  Rule 171(a); sec. 7463(a).  The "S" designation of this case was therefore removed pursuant to our own motion.  Rule 173; sec. 7463(d).

[3]For the year at issue, for which petitioner and her husband filed a joint income tax return, petitioner has conceded that she:  (1) Is not entitled to Schedule C deductions in the amount of $13,125 claimed with respect to her husband's export-import business, and (2) failed to report taxable interest income in the amount of $190.  Respondent has conceded that petitioner is entitled to Schedule C deductions in the amount of $17,575 with respect to her husband's taxi cab business.  To the extent indicated below, respondent has also made concessions with respect to certain deductions claimed on petitioner's Schedule A.  Finally, respondent acknowledges that, to the extent petitioner is liable for self-employment tax under sec. 1401, she will be allowed a corresponding deduction under sec. 164(f).

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Although petitioner filed a joint Federal income tax return with her husband for the taxable year 1991, she alone filed a timely petition in this matter. At the time the petition in this case was filed, petitioner resided in San Mateo, California.

Background

Petitioner worked as an outside salesperson for Bay Area Cellular Telephone Company (Bay Area) during the taxable year 1991. The Form W-2 provided to petitioner by Bay Area reflects that she was reimbursed $4,200 for employee business expenses, the equivalent of $350 monthly as a car allowance. Respondent concedes that petitioner is entitled to a deduction for this amount.[4] To the extent indicated below, however, respondent contests, for lack of substantiation, deductions claimed by petitioner for unreimbursed employee expenses and other miscellaneous expenses on Schedule A of her 1991 Federal income tax return:

Unreimbursed Employee Expenses

| Item | Claimed | Allowed | Disputed |
|------|---------|---------|----------|
| Car Transportation | $7,150 | $0 | $7,150 |
| Parking | 200 | 0 | 200 |
| Meals & Entertainment | 1,728[1] | 0 | 1,728 |

[4]As this reimbursement was reported on petitioner's Form W-2, it appears that the payment was made under a nonaccountable plan. See sec. 1.62-2(c)(5).

Total                     9,078          0          9,078

[1]80% of the reported expense of $2,160.

Other Expenses[5]

| Item | Claimed | Allowed | Disputed |
|------|---------|---------|----------|
| Referral Fees | $130 | $0 | $0[1] |
| Gifts | 854 | 216 | 638 |
| Continuing Education | 350 | 350 | 0 |
| Tax Preparation | 160 | 0 | 160 |
| Total | 1,494 | 566 | 798 |

[1]Petitioner concedes that she can not substantiate expenditures for referral fees, and does not dispute respondent's disallowance of this deduction.

## Schedule A Deductions

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, a taxpayer is required to maintain records that are sufficient to substantiate her deductions.  Sec. 6001.

Ordinary and necessary business expenses incurred by an employee that are not reimbursed by her employer are generally deductible under section 162(a), which allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  Section 274(d) provides,

---

[5]We note that deductions claimed for "gifts" and "continuing education" should have been claimed as "unreimbursed employee expenses" rather than as "other expenses" on petitioner's Schedule A.

however, that no deductions shall be allowed: (1) For any traveling expense, including meals and lodging while away from home, (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, (3) for any expense for gifts, or (4) with respect to any "listed property" as defined in section 280F(d)(4), unless substantiated in accordance with the strict requirements of section 274(d) and the regulations promulgated thereunder. Included in the items defined as listed property in section 280F(d)(4) is any passenger automobile. Sec. 280F(d)(4)(A)(i).

To substantiate a deduction under section 274(d), a taxpayer must maintain adequate records or present other corroborative evidence to show, among other things, the business purpose and business relationship of the expense. Sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46016 (Nov. 6, 1985).

In order to substantiate a deduction by means of adequate records, a taxpayer generally must maintain a diary, a log, or a similar record, and documentary evidence, which, in combination, are sufficient to establish each element of each expenditure or use, including business purpose and relationship. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Although petitioner produced various receipts and charts in support of her deductions for unreimbursed employee business

expenses, a record of a business purpose and relationship for these items is conspicuously absent. Furthermore, petitioner's testimony in this regard was vague and unhelpful. Thus, we find that, other than as allowed by respondent, petitioner has failed to substantiate the deductions claimed for car transportation, parking, meals and entertainment, and gifts, as required by section 274 and the regulations thereunder.

We also find that, although a deduction for tax preparation fees is generally available to taxpayers under section 212, petitioner has failed to present any evidence to corroborate the deduction claimed for such an expense on her Schedule A.

## Section 6662(a) Penalty

Respondent determined an accuracy-related penalty under section 6662(a) with respect to petitioner's 1991 Federal income tax return for negligence or disregard of rules or regulations.

In pertinent part, section 6662 imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a), (c). Section 6662(c) defines "negligence" as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and defines "disregard" as including any careless, reckless, or intentional disregard.

Petitioner failed to offer any evidence to rebut respondent's determination of an accuracy-related penalty in this

matter.  Accordingly, she has not met her burden of proof on this matter, and respondent's determination will be sustained.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.